Filed 3/12/21  P. v. Trujillo CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B301815 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA109262) |
| v. | |
| RAUL TRUJILLO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James D. Otto, Judge.  Affirmed.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

A jury found Raul Trujillo guilty of two counts of second degree robbery and one count of hit-and-run driving, and found true the allegation that a principal was armed with a firearm. On appeal, he argues the flight instruction the trial court gave violated his right to due process. We disagree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 17, 2018, appellant was speeding down a street in a blue Honda, ran a red light, and swerved around an Audi narrowly missing a motorcyclist. The motorcyclist and Audi, followed appellant. Appellant then suddenly slammed on his brakes, causing the Audi to rear-end him. Appellant sped off. The motorcyclist followed him, but after appellant ran several stop signs, the motorcyclist returned to the accident scene to talk with the Audi driver. They called the police.

As the motorcyclist and Audi driver were waiting for the police, a black BMW pulled up and dropped off appellant and two other men. One of appellant's companions pointed a loaded gun at the motorcyclist, and asked, " 'Were you the one that fuckin' followed my homey?' " The man holding the gun then pointed it at the Audi driver and demanded "some type of payment[]." Appellant yanked the motorcyclist's chain off his neck and took his phone. Appellant also grabbed the Audi driver's phone.

A police cruiser approached, and appellant's companions walked away. Appellant, however, sat down on the Audi hood. As the cruiser pulled up behind the Audi, appellant began to casually walk away. The motorcyclist and Audi driver shouted to the police officer that they had just been robbed at gunpoint. Although appellant had walked out of sight, he was apprehended a short while later. Both the motorcyclist and Audi driver identified appellant and his vehicle in a field show-up.

Appellant was charged with two counts of second degree robbery (Pen. Code, § 211) and one count of hit-and-run driving resulting in property damage (Veh. Code, § 20002, subd. (a)).[1] The information also alleged that appellant personally used a firearm (Pen. Code, § 12022.53, subd. (b)), and a principal was armed with a firearm (Pen. Code, § 12022, subd. (a)(1)). Appellant pled not guilty.

At trial, the prosecutor argued that appellant "fled" from the scene of the car accident because "he knew" the Audi had been damaged. The prosecutor also argued that appellant's flight after the robbery showed his "guilt[] of having robbed two people with a gun."

A jury found appellant guilty on all three counts and the section 12022 firearm allegation true. The trial court placed appellant on five years formal probation with credit for 116 days in jail he had already served. He timely appealed.

### DISCUSSION

Appellant argues that the trial court's instruction on flight (CALCRIM No. 372) conflicts with the California statute that requires the giving of a flight instruction (§ 1127c). He also contends in related arguments that the instruction is impermissibly argumentative and violates his right to due process because it invites a pro-prosecution inference. Appellant urges us to adopt these arguments without addressing, or even citing, the two cases that have already rejected them: *People v. Paysinger* (2009) 174 Cal.App.4th 26, 29 (*Paysinger*) and *People v. Price* (2017) 8 Cal.App.5th 409, 458 (*Price*). We agree with the

---

[1] All further undesignated statutory references are to the Penal Code.

3

People that *Paysinger* and *Price* are persuasive, and any error was harmless.

We review instructional error de novo. (*People v. Hudson* (2006) 38 Cal.4th 1002, 1012.) "On review, we examine the jury instructions as a whole, in light of the trial record, to determine whether it is reasonably likely the jury understood the challenged instruction in a way that undermined the presumption of innocence or tended to relieve the prosecution of the burden to prove defendant's guilt beyond a reasonable doubt." (*Paysinger, supra,* 174 Cal.App.4th at p. 30; *People v. Ramirez* (2021) 10 Cal.5th 983, 1001 [2021 WL 279642].)

### 1. The Flight Statute and the Instruction Given

Section 1127c requires the trial court to instruct the jury on flight when relevant: "In any criminal trial or proceeding where evidence of flight of a defendant is relied upon as tending to show guilt, the court shall instruct the jury substantially as follows: [¶] The flight of a person immediately after the commission of a crime, or after he is accused of a crime that has been committed, is not sufficient in itself to establish his guilt, but is a fact which, if proved, the jury may consider in deciding his guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine."

Here, the trial court instructed the jury with CALCRIM No. 372 as follows: "If the defendant fled immediately after the crime was committed, that conduct may show that he was aware of his guilt. If you conclude that the defendant fled, it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled cannot prove guilt by itself."

4

## 2. CALCRIM No. 372 Does Not Conflict with Section 1127c

Appellant first argues that CALCRIM No. 372 conflicts with section 1127c because the instruction "gives primary significance" to an inference of guilt. Unlike section 1127c, which directs the court to inform the jury that flight may be considered in determining a defendant's "guilt or innocence," CALCRIM No. 372 tells the jury only that it may consider evidence of flight to show a defendant's awareness "of his guilt."

We agree with the *Paysinger* and *Price* holdings that the difference between the instruction and the statute is not significant. (*Paysinger*, *supra*, 174 Cal.App.4th at pp. 31–32; *Price*, *supra*, 8 Cal.App.5th at p. 455.) "It has long been accepted that if flight is significant at all, it is significant because it may reflect consciousness of guilt, which in turn tends to support a finding of guilt. [Citation.]" (*Paysinger*, at p. 31.) Section 1127c is not in conflict with this rule; rather, it directs the court to instruct the jury that evidence of flight may be considered in determining whether or not the defendant is guilty, that it is up to the jury to determine the weight of this evidence, and that evidence of flight itself is insufficient to prove guilt. CALCRIM No. 372 does this. We reject appellant's argument that the instruction's failure to include the statutory phrase "or innocence" is consequential. Section 1127c's reference to "innocence" does not suggest that evidence of flight is likely to show innocence, but indicates only that evidence of flight may be considered in the jury's determination of whether the defendant committed the crime. Similarly, CALCRIM No. 372 instructs that evidence of flight may show consciousness of guilt or it may not.

5

**3. CALCRIM No. 372 Is Neither Argumentative Nor Did It Impermissibly Lessen the Prosecution's Burden of Proof**

Appellant next argues that CALCRIM No. 372 is argumentative and violates due process because it invites the jury to draw an inference of guilt in favor of the prosecution. Appellant relies primarily on *People v. Hunter* (2011) 202 Cal.App.4th 261 (*Hunter*), a case that does not consider a consciousness of guilt instruction but rather a pinpoint instruction about robbery. He argues that *Hunter* held an instruction argumentative and violative of due process "merely because it told the jurors certain prosecution evidence '*may* constitute sufficient circumstantial evidence' to support" an inference of guilt. In appellant's view, CALCRIM No. 372 is more argumentative and unconstitutional than the instruction at issue in *Hunter* because CALCRIM No. 372 suggests a "gross inference of guilt."

A jury instruction is argumentative if "it would invite the jury to draw inferences favorable to [one party] from specified items of evidence on a disputed question of fact." (*People v. Wright* (1988) 45 Cal.3d 1126, 1135.) An "instruction lightening the prosecution's burden of proof violates the accused's right to a jury trial." (*Hunter, supra,* 202 Cal.App.4th at p. 276.)

*Hunter* is inapposite. The defendant in *Hunter* challenged an instruction that "the inability of [the defendant's] victims to say conclusively that the 'gun' he used in the commission of the crimes was real 'does not create a reasonable doubt as a matter of law that the gun was not a firearm.' " (*Hunter, supra,* 202 Cal.App.4th at p. 264.) The *Hunter* court concluded the instruction was "unduly argumentative" in favor of the

prosecution because "the jury could just as accurately have been told the opposite . . . ." (*Id.* at p. 276.) The court further found the instruction lessened the prosecution's burden of proof by highlighting one "aspect of the evidence as not necessarily creating a reasonable doubt . . . ." (*Ibid.*)

Neither deficiency afflicts CALCRIM No. 372. First, a defendant's flight or attempt to flee is rarely, if ever, used to show innocence. It is overwhelmingly used to establish consciousness of guilt. "Flight may show consciousness of guilt or it may not, but unlike the victim's inability to say that the gun was real in *Hunter*, evidence of flight has *no* tendency to establish innocence." (*Price, supra*, 8 Cal.App.5th at p. 458.) Second, CALCRIM No. 372 does not lessen the prosecution's burden. "Unlike the instruction in *Hunter*, CALCRIM No. 372 does not focus on certain evidence and direct the jury how to consider the evidence. Rather, while informing the jury that it can infer guilt from flight, it both leaves it 'up to you [the jury] to decide the meaning and importance of that conduct' and further, limits the use of flight evidence by providing that it is not alone sufficient to prove guilt." (*Price,* at p. 458; see also *People v. Hernandez Rios* (2007) 151 Cal.App.4th 1154, 1159 [CALCRIM No. 372 does not "impermissibly lower[] the prosecution's burden of proof"].)

Appellant's argument that CALCRIM No. 372 "invited the jury to infer appellant's guilt from his flight," thereby violating due process, was rejected by the Supreme Court in *People v. Mendoza* (2000) 24 Cal.4th 130 (*Mendoza*) superseded by statute on another ground as stated in *People v. Brooks* (2017) 3 Cal.5th 1, 62–63 and footnote 8. As the *Mendoza* court stated: "The due process clauses of the federal Constitution (U.S. Const., 5th & 14th Amends.) require a relationship between the permissively

7

inferred fact and the proven fact on which it depends. . . . [¶] A permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved. . . . A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." (*Id.* at p. 180, citations omitted.) The court concluded that "permit[ting] a jury to infer, if it so chooses, that the flight of a defendant immediately after the commission of a crime indicates a consciousness of guilt" does not violate due process. (*Ibid.*) Although the *Mendoza* court was addressing CALCRIM's predecessor, CALJIC No. 2.52, its holding applies equally to CALCRIM No. 372. Both instructions allow the jury to make a permissive inference, if it chooses, that the evidence of flight indicates a defendant's awareness of his guilt.

### 4.    *Any Error Was Harmless*

Instructional errors regarding flight are subject to the state law harmless error standard under *People v. Watson* (1956) 46 Cal.2d 818. (*People v. Turner* (1990) 50 Cal.3d 668, 695 [finding no prejudice where there was no reasonable probability that the flight instruction affected the verdicts].) Any error in instructing the jury with CALCRIM No. 372 was harmless because it is not reasonably probable the alleged error affected the verdict. The victims were face to face with appellant when the robbery occurred and then identified him a short while later. The circumstances of the robbery—in which appellant showed up shortly after the car accident and his companion asked the motorcyclist if he had been chasing his "homey" in the car—also

8

provided ample evidence that appellant was the driver of the blue Honda involved in the hit and run.

Finally, the trial court gave the jury multiple instructions correctly explaining the prosecution's burden of proof.[2]  In the context of the jury instructions as a whole, the jury could not have viewed CALCRIM No. 372 as relieving the prosecution of proving appellant's guilt beyond a reasonable doubt.  (See *Price*, *supra*, 8 Cal.App.5th at p. 456 ["[E]ven if there was instructional error here, the jury could not possibly have understood the instruction that way in the context of the many other instructions explaining the prosecution's burden of proof to demonstrate defendant's guilt beyond a reasonable doubt and referring to that burden with respect to each of the crimes and special circumstances charged."].)

## DISPOSITION

The judgment is affirmed.


RUBIN, P. J.

WE CONCUR:


BAKER, J.                                KIM, J.

---

[2]     Specifically, the court instructed the jury with CALCRIM No. 103 (Reasonable Doubt), CALCRIM No. 359 (Corpus Delicti), and CALCRIM No. 3250 (Enhancement, Sentencing Factor, or Specific Factual Issue).